IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA PERRY, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-2462-M-BK |
| | § | |
| IRVING INDEPENDENT SCHOOL | § | |
| DISTRICT, ET AL. | § | |
|     DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3*, this case has been referred to the United States Magistrate Judge for pretrial management. Doc. 1. For the reasons stated here, Plaintiff's complaint, Doc. 6, should be **DISSMISSED WITH PREJUDICE** for want of prosecution.

On October 19, 2018, Defendants filed their *Motion to Dismiss for Failure to State a Claim*. Doc. 8. If Plaintiff opposes Defendants' *Motion to Dismiss*, she was required to file a response within 21 days from the date the motion was filed, but she failed to do so. N.D. TEX. L. CIV. R. 7.1(e). On February 5, 2019, the Court enlarged Plaintiff's time to respond until February 20, 2019. Doc. 10. The Court warned Plaintiff that a failure to file a response within that time period may lead to dismissal of her case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Doc. 10. To date, however, Plaintiff has not filed a response, nor has she requested an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to *sua sponte* dismiss an action for failure to prosecute or failure to comply with the federal rules or any court order. *Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998)*. "This authority flows from the

[C]ourt's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Here, Plaintiff has had ample opportunity to respond to Defendants' motion. She has impliedly refused or declined to do so. Accordingly, this action is subject to dismissal with prejudice.

Federal Civil Procedure Rule 41 permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or failure to comply with a court order. A Rule 41(b) dismissal with prejudice is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the Court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the Court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

Here, the Court finds that there is a clear record of delay or contumacious conduct by Plaintiff. Plaintiff is representing herself, thus, the delay (over four months since Plaintiff's deadline to file a response to Defendants' motion and another two weeks since the enlarged deadline expired) is attributable solely to her. Moreover, Plaintiff has apparently abandoned her case—having failed to take any action whatsoever since filing her amended complaint in September of 2018. Doc. 6. Thus, dismissal with prejudice is appropriate in this case.

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** for want of prosecution.

**SIGNED** on February 22, 2019

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Any objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).